THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESTON KUBBE,<br><br>Petitioner,<br><br>v.<br><br>STATE OF UTAH,[1]<br><br>Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:21-CV-38-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

THIS MATTER IS BEFORE THE COURT on Mr. Kubbe's habeas corpus petition brought under 28 U.S.C. § 2254. Having thoroughly considered the parties' arguments and the applicable law, the Court concludes that the petition is inexcusably untimely and thus grants Respondent's Motion to Dismiss. *See id*. § 2244(d)(1).

## I. BACKGROUND

Pursuant to a global plea agreement covering three separate cases in Utah state court, Petitioner pled guilty to two counts of kidnapping, two counts of aggravated sexual abuse, one count of child endangerment, and one count of possession of a firearm by a restricted person. *See* Dkt. Nos. 6-4, 6-5. He also pled no contest to aggravated sexual abuse of a child and attempted child kidnapping. *See* Dkt. No. 6-6. On June 4, 2018, he was sentenced to an aggregate term of

---

[1]Although Petitioner names State of Utah as respondent, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." R. 2, Rs. Governing § 2254 Cases in the U.S. Dist Cts. Petitioner states that he is held at the Central Utah Correctional Facility, *see* Dkt. No. 11, where Devin Blood is warden. Despite this technical defect in the petition, the court will treat Warden Blood as the respondent.

1

thirty years to life imprisonment for these offenses. *See* Dkt. No. 6-8 at 35-37. He did not appeal that sentence, *see* Dkt. Nos. 1 at 2; 1-3 at 6, but on July 1, 2019, he filed a petition for state post-conviction relief, *see* Dkt. No. 1-1. After the trial court denied the petition and the court of appeals affirmed the denial, the Utah Supreme Court denied review on March 12, 2020. *See* Dkt. Nos. 1-3 at 6; 1-5 at 18.

This federal petition was filed on March 16, 2021. *See* Dkt. No. 1. Arguing that he "did not agree to be sentenced . . . having not a thorough knowledge of the facts of his case," Petitioner asks this court to vacate his plea agreement and "withdraw his sentence." *Id.* at 4. Petitioner states that on the day he was sentenced, "newly discovered material evidence . . . was presented on record to the district court by [the] prosecutor . . . and read by a victim's advocate." *Id.* at 6. Petitioner asserts that "[t]his newly discovered material evidence[] was never before shown or given to [him] or his counsel prior to [the] sentencing" hearing. *Id.* at 6-7. The "newly discovered evidence" was a written statement by a victim that Petitioner argues "destroyed [the victim's] credibility." *Id.* at 7. Petitioner maintains that the victim's alleged lack of credibility could have called other evidence against him into question and led him not to plead guilty. *See id.* at 7-19.

The State moves to dismiss the petition as untimely. *See* Dkt. No. 6.

## II. ANALYSIS

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. That occurred here on

July 4, 2018, when Petitioner failed to file a direct appeal. *See* Utah R. App. P. 4(a) ("The notice of appeal . . . shall be filed . . . within 30 days after the date of entry of the judgment or order appealed from."). Absent tolling, Petitioner thus had until July 4, 2019, to file his federal petition. His federal petition, however, was not filed until March 16, 2021, 621 days after July 4, 2019.[2]

Petitioner, however, contends that his petition is timely under 28 U.S.C. § 2244(d)(1)(D), which permits claims based on newly discovered evidence to be brought within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through exercise of due diligence." *See* Dkt. No. 8 at 6. This argument does not help Petitioner, however, because the date upon which the new evidence could have been discovered through due diligence was June 1, 2018, the day of his sentencing hearing. *See* Dkt. No. 1 at 7. That is the date on which the victim's statement was read aloud for Petitioner and his counsel to hear. *Id.* at 6-7. And that date was *before* July 4, 2018, the date upon which Petitioner's conviction sentence became final when he failed to file a direct appeal.[3]

### A. Statutory tolling

---

[2] Petitioner filed "Motion to Address Time Bar Requirements Pursuant to 28 USC § 2254," in which he explains that he accidentally initially filed this federal habeas action in the Utah Supreme Court on March 12, 2021. *See* Dkt. No. 2 at 1-2. He then explains his good-faith efforts to correct that error and get the action filed in this Court on March 16, 2021. *Id.* Based on those efforts, Petitioner asks this Court to deem his petition timely filed. *Id.* Even if the Petition had been filed on March 12, however, it would still have been untimely.

[3] The court rejects any argument that the exception for newly discovered evidence should be calculated using a later date on the ground that although the victim statement was read aloud at his sentencing, Petitioner was not provided a written copy. Dkt. No. 1 at 10.

The one-year limitation period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period." *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). A "state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold,* 536 U.S. 214, 220 (2002)); *see also Fisher v. Raemisch*, 762 F.3d 1030, 1032 (10th Cir. 2014). Once the post-conviction case ends in state court, the one-year limitation period begins to run again.

Tolling, however, does not restart the limitations clock at zero. Rather, it simply stops the clock at whatever point it had reached when the state postconviction application was filed and suspends the limitation period from running while the application is pending. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Thus, any time between when a petitioner's direct appeal becomes final and when a petition for state post-conviction relief is filed counts toward the limitations period. And any time between when the state post-conviction action concludes and when a petitioner's federal habeas petition is filed *also* counts toward the limitations period. *See Sutton v. Cain*, 722 F.3d 312, 316 n.6 (5th Cir. 2013) ("To calculate when the limitations period has run, we aggregate the time between (i) the date the petitioner's conviction became 'final' and the date the petitioner filed his state [post-conviction] application; and (ii) the date the state [post-conviction] process concluded and the date the petitioner filed his federal habeas petition."); *McMonagle v. Meyer*, 766 F.3d 1151, 1159 (9th Cir. 2014) (Rawlinson, J., dissenting) ("Although filing of collateral proceedings may toll the running of the limitations period, it does not affect commencement of the running of the limitations period.").

In this case, 362 days passed between July 4, 2018, when Petitioner's conviction and sentence became final, and July 1, 2019, when Petitioner filed his state post-conviction application. *See* Dkt. No. 1. Although filing this application tolled the limitation period, only three days remained at that point. The state post-conviction action concluded on March 12, 2020, when the Utah Supreme Court denied Petitioner's petition for review. *See Brooks-Gage v. Martin*, No. 21-7008, 2021 U.S. App. LEXIS 25578, at *5 (10th Cir. Aug. 25, 2021) (unpublished). The limitation period resumed running that day and expired 3 days later on March 16, 2020. Petitioner filed this federal action on March 16, 2021—exactly one year too late. *See* Dkt. No. 1.

### B. Equitable tolling or exception

Petitioner appears to argue that his untimeliness should be excused because he is actually innocent. But "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations involve times "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). The Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished). Petitioner has not argued that such "uncontrollable circumstances" kept him from timely filing his federal petition.

Regardless, Petitioner "'seeks an equitable exception," based on his asserted actual innocence. *See Fontenot v. Crow*, 4 F.4th 982, 1034 (10th Cir. 2021). To validly "claim actual innocence a petitioner must present new, reliable evidence that was not presented at [or available for] trial. Such evidence typically consists of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Rose v. Newton-Embry*, 194 F. App'x 500, 502 (10th Cir. 2006) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Further, this evidence must "affirmatively demonstrate . . . innocence," not just "undermine the finding of guilt." *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (1993). After presenting such evidence, a petitioner must then "show that in light of the new evidence, 'no reasonable juror would have found the defendant guilty.'" *See Rose*, 194 F. App'x at 502 (quoting *Schlup*, 513 U.S. at 329). Such evidence is so very rare that "in virtually every case, the allegation of actual innocence has been summarily rejected." *Schlup*, 513 U.S. at 324.

Petitioner has not presented any *new* evidence here. The victim statement was read in open court with Petitioner and his counsel present before the sentence was pronounced. *See* Dkt. No. 6-7. To be sure, the Tenth Circuit recently rejecting the "newly discovered through diligence" standard in favor of the "newly presented" standard in the context of an equitable exception for actual innocence. *See Fontenot*, 4 F.4th at 1032, 1034 (10th Cir. 2021). But the court concludes that in this case, the victim statement was *presented* in the trial court before the sentence was pronounced.

Even if the victim statement could somehow qualify as "newly presented," moreover, "[s]imply maintaining one's innocence, or even casting some doubt on witness credibility, does not necessarily satisfy th[e demanding *Schlup*] standard" for new evidence. *Frost v. Pryor*, 749

6

F.3d 1212, 1232 (10th Cir. 2014); *see also Stafford v. Saffle*, 34 F.3d 1557, 1561 (10th Cir. 1994) (stating "corroborating evidence, impeaching evidence, or evidence merely raising some suspicion or doubt of . . . guilt" is not "persuasive evidence of 'actual innocence'").

For all of these reasons, the court concludes that in this case actual innocence provides no basis for an equitable exception to the running of the limitation period.

### III. MOTION FOR APPOINTED COUNSEL

Petitioner has asked the Court to appoint counsel to represent him free of charge. *See* Dkt. No. 4.

The Court notes that Petitioner has no constitutional right to appointed pro-bono counsel in a federal habeas-corpus case. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* R. 8(c), Rs. Governing § 2254 Cases in U.S. Dist. Cts. Nevertheless, the Court may, in its discretion, appoint counsel when "the interests of justice so require," as long as Petitioner is a "financially eligible person." 18 U.S.C. § 3006A(a)(2)(B).

The Court has carefully reviewed the filings in this case and determines that justice does not require appointed counsel. First, the above analysis makes clear that the petition is untimely and that Petitioner has no colorable arguments to the contrary. *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, the Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Finally, the issues in this case appear "straightforward and not so complex as to require counsel's

assistance." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. The Court thus denies for Petitioner's motion for appointed counsel.

## IV. CERTIFICATE OF APPEALABILITY

The Court next considers whether to issue a certificate of appealability (COA). *See* R.11, Rs. Governing § 2254 Cases in the United States District Courts ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant.").

When a habeas petition is denied on procedural grounds, as this one is, a petitioner is entitled to a COA only if he shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C.S. § 2253 (2021)). Petitioner has not made this showing.

\* \* \*

**IT IS THEREFORE ORDERED** that:

**(1)** Docket Number 4, Petitioner's motion for appointed counsel, is **DENIED**.

**(2)** Docket Number 2, Petitioner's motion to address time bar requirements, is **DENIED AS MOOT**.

**(3)** Docket Number 6, Respondent's motion to dismiss with prejudice, is **GRANTED**.

**(4)** A certificate of appealability is **DENIED**.

DATED this 16th day of February, 2022.

Howard C. Nielson, Jr.
United States District Judge